**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL SEAWRIGHT,** | : | **CIVIL ACTION NO. 1:02-1815** |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT KENNETH** | : | |
| **KYLER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 21st day of September, 2005, upon consideration of the report of the magistrate judge (Doc. 164), recommending the granting of summary judgment in favor of defendants on plaintiff's First Amendment retaliation, Eighth Amendment denial of medical care, and state medical malpractice claims, to which an objection was filed (Doc. 167), and following an independent review of the record, and it appearing that there is insufficient evidence to establish a causal connection between plaintiff's protected conduct and defendants' alleged retaliatory acts, see Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (stating that plaintiff's First Amendment retaliation claim must demonstrate "a causal link between the exercise of his constitutional rights and the adverse action taken against him"), and that plaintiff was afforded medical treatment for his injury and only challenges the appropriateness of that treatment, see Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("Mere disagreement as to the proper medical treatment [is insufficient] to support a claim of an [E]ighth [A]mendment violation."); see also Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)

("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation.") (internal citation omitted); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (stating that "deliberate indifference" is a standard consistent with recklessness), and it further appearing that plaintiff's medical malpractice claim is not supported by expert testimony, see Titchnell v. United States, 681 F.2d 165, 166 (3d Cir. 1982) (noting that Pennsylvania law requires expert opinions for medical malpractice claims); see also Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997) (same), but that the magistrate judge previously denied plaintiff's request for the appointment of counsel (see Docs. 14, 17), see Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002) (holding that malpractice claims cannot be dismissed merely for failure to proffer expert testimony where court has denied appointment of counsel based on non-complexity of case); Parham, 126 F.3d at 460 (same), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 164) is ADOPTED with respect to defendants' motions for summary judgment (Docs. 152, 157) on plaintiff's First and Eighth Amendment claims.

2. The above-captioned action is REMANDED to the magistrate judge for a determination of whether summary judgment on plaintiff's medical malpractice claims is appropriate in light of the denial of court-appointed counsel (see Docs. 14, 17). See Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997); see also Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) (setting forth factors for the appointment of counsel).

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge