IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SEAWRIGHT,** | : | **CIVIL ACTION NO. 1:02-1815** |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT KENNETH** | : | |
| **KYLER, et al.,** | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 13th day of March, 2006, upon consideration of the report of the magistrate judge (Doc. 172; see also Docs. 164, 169), recommending the granting of summary judgment in favor of defendants on plaintiff's state law medical malpractice claim, see FED. R. CIV. P. 56, to which no objections were filed, and following an independent review of the record, and it appearing that plaintiff's medical malpractice claim is not supported by expert testimony, see Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003) ("Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury."); see also Titchnell v. United States, 681 F.2d 165, 166 (3d Cir. 1982) (noting that Pennsylvania law requires expert opinions for medical malpractice claims), that plaintiff's medical malpractice claim does not involve a simple matter that could be understood by a layperson, see Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997) ("The exception to the requirement of

expert testimony in medical malpractice actions applies where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons."), and the court finding that the prior denial of counsel (see Docs. 14, 17) does not preclude summary judgment in favor of defendants on this claim, see Simpson v. Fed. Bureau of Prisons, No. 3:02-CV-2313, 2005 WL 2387631, at *4 (M.D. Pa. Sept. 28, 2005) ("Although [a] case may turn on . . . the presentation of expert testimony, . . . [this] alone is insufficient reason to appoint counsel . . . ." (referencing Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)); see also Dusenbery v. United States, No. 1:04-CV-2361 (M.D. Pa. Jan. 27, 2006) (same), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 172) is ADOPTED with respect to defendants' motions for summary judgment (Docs. 152, 157) on plaintiff's state law medical malpractice claim.

2. The Clerk of Court is directed to enter JUDGMENT against plaintiff and in favor of defendants on plaintiff's state law medical malpractice claim. See FED. R. CIV. P. 56.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge